UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELDRED MEADOWS,

        Petitioner,

v.                                CASE NO. 2:10-CV–10460
                                 HONORABLE LAWRENCE P. ZATKOFF

22ND CIRCUIT COURT,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS,
AND DENYING A CERTIFICATE OF APPEALABILITY
AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

Eldred Meadows ("Petitioner"), a Tennessee resident, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a Michigan criminal conviction. Petitioner pleaded no contest to assault with intent to commit second-degree criminal sexual conduct in the Washtenaw County Circuit Court and was sentenced as a second offender to three to seven and one-half years imprisonment in 1997. Petitioner was discharged from that sentence in 2003. Petitioner filed the present petition on February 2, 2010.[1] In his pleadings, he raises claims concerning the state court's subject matter jurisdiction and the accuracy of sentencing information. For the reasons stated herein, the Court dismisses the petition for a writ of habeas corpus. The Court also denies a certificate of

---

[1] Petitioner filed a previous habeas petition in federal court challenging this same conviction and sentence, which was dismissed without prejudice on exhaustion grounds. *See Meadows v. Caruso*, 99-CV-72557 (E.D. Mich. Aug. 8, 2000). Petitioner filed subsequent motions to renew that petition, which were denied in 2002 and 2003.

1

appealability and denies leave to proceed *in forma pauperis* on appeal.

**II.     Discussion**

A federal court may only entertain a petition for a writ of habeas corpus on "behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). When a sentence has fully expired, a habeas petitioner is no longer "in custody" for the offense and thus cannot file an application for habeas relief from that conviction. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).

A prisoner need not be physically confined in jail or prison to challenge his conviction or sentence in a habeas corpus proceeding. *See Mabry v. Johnson*, 467 U.S. 504, 506 n. 3 (1984) (prisoner's § 2254 action was not moot despite the fact that he had been paroled); *see also Garlotte v. Fordice*, 515 U.S. 39, 45-47 (1995) (prisoner serving consecutive sentences is in custody for all of those sentences in the aggregate, and may attack the sentence scheduled to run first, even after it has expired, until *all* the consecutive sentences have been served). The United States Supreme Court has "never held however, that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 491 (1989) (per curiam). "The federal habeas statute gives the United States District Courts jurisdiction to entertain petitions for habeas relief only from persons who are *in custody* in violation of the Constitution or laws or treaties of the United States." *Id.* at 490 (quoting 28 U.S.C. § 2241(c)(3), emphasis supplied by the Supreme Court).

In this case, Petitioner was discharged from the challenged conviction and sentence in 2003. He filed the instant petition in 2010. He thus fully served his state sentence before instituting this

2

action. In fact, Petitioner states that he lives in Tennessee, thereby acknowledging that he is no longer in state custody. Consequently, the Court lacks subject matter jurisdiction over any challenge to the constitutionality of his 1997 state conviction or sentence. Habeas relief is not warranted.

## III. Conclusion

For the reasons stated, the Court concludes that it lacks subject matter jurisdiction over Petitioner's claims and that he is not entitled to a writ of habeas corpus in federal court. Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When a federal court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

Having conducted the required review, the Court concludes that jurists of reason would not find the dismissal of this habeas action on jurisdictional grounds debatable. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** Petitioner leave to proceed *in forma*

*pauperis* on appeal because any appeal from this decision would be frivolous. *See* Fed. R. App. P. 24(a). This case is closed.

**SO ORDERED**.

                        S/Lawrence P. Zatkoff
                        LAWRENCE P. ZATKOFF
                        UNITED STATES DISTRICT JUDGE

Dated: February 23, 2010

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 23, 2010.

                        S/Marie E. Verlinde
                        Case Manager
                        (810) 984-3290